Law Offices of John Fitzpatrick Vannucci
1388 Sutter Street, Suite 605
San Francisco, CA 94109
Tel: (415) 981-7500
Fax: (415) 981-5700

JOHN FITZPATRICK VANNUCCI (State Bar #174329)
Attorney for Plaintiffs Leticia Gonzales Herrera and Leticia Angelicia Herrera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA GONZALES HERRERA and LETICIA ANGELICIA HERRERA<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, CITY OF DUBLIN, MITCHELL MENSINGER and Does 2 through 20, inclusive<br><br>Defendants. | Case No. 4:15-cv-04794-DMR<br>ASSIGNED FOR ALL PURPOSES TO HON. JUDGE Donna M. Ryu, Oakland Courthouse, Courtroom 4 - 3rd Floor.<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND NEGLIGENCE<br>(Personal Injury/Wrongful Death Non-Motor Vehicle) |

## PARTIES

1. Plaintiffs do not know the true names and capacities of Defendants sued herein as Does 2 through 20, inclusive, and therefore sue said defendants by said fictitious names. Plaintiffs are informed and believe and thereon allege that each of said fictitiously-named defendants are legally responsible for the damages suffered by Plaintiffs in the incident described hereinafter. Plaintiffs pray leave to amend this complaint to set forth the true names and capacities of such defendants whenever ascertained.

2. At all times herein mentioned, Plaintiffs are informed and believe and allege that each defendant was the agent, servant, employer, employee, franchisor, franchisee, alter ego and/or Joint venturer of each other defendant, and was acting within the course and scope of said relationship.

3. On May 13, 2015, Plaintiffs filed their initial complaint in this matter and Plaintiffs correctly alleged they were ignorant of the true name of the Defendant fictitiously named Doe 1. Plaintiffs subsequently learned this doe defendant's true and correct name to be MITCHELL S. MENSINGER.

## FIRST CAUSE OF ACTION
(Negligence)

As and for a first cause of action, plaintiffs allege against defendants County of Alameda, City of Dublin, Mitchell Mensinger, and Does 2 through 20, inclusive:

4. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 2 through 20, inclusive and therefore sue these defendants by said fictitious names. Plaintiffs will amend this complaint to allege their true identities and capacities when ascertained.

5. Plaintiffs are informed and believe and thereupon allege that the conduct of each said fictitiously named defendant is responsible in some manner for the occurrence herein alleged and was a substantial factor in causing the injuries herein alleged.

6. At all times herein mentioned, Plaintiff is informed and believes and alleges that each defendant was the agent, servant, alter ego, employee and/or Joint venturer of each other defendant, and was acting within the course and scope of said relationship.

7. On or about May 4, 2014 plaintiffs Leticia Gonzales Herrera and Leticia Angelicia Herrera were lawfully inside their home at 7031 Dublin Meadows Street, Suite "C", in the City of Dublin, County of Alameda, State of California along with their Decedent Oscar Herrera. At that

2

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY NON-MOTOR VEHICLE)

time and place, Mitchell Mensinger and Does 2 through 20, who were, at all times mentioned herein, peace officers employed by Defendants County of Alameda and City of Dublin and acting within the scope and course of that employment, unlawfully broke through the front door and unlawfully entered Plaintiffs' residence. At that time and place, Mitchell Mensinger and Does 2 through 20 battered and discharged firearms at Decedent Oscar Herrera and Plaintiff Leticia Gonzales Herrera. The bullets from those firearms struck Decedent Oscar Herrera and Plaintiff Leticia Gonzales Herrera. The impact caused injuries to plaintiff Leticia Gonzales Herrera and caused injuries to Oscar Herrera which resulted in his death.

8. At that time and place, Oscar Herrera sustained injuries proximately resulting in his death as a proximate result of the incident described above.

9. At all times herein mentioned, plaintiff Leticia Gonzales Herrera was the mother of decedent Oscar Herrera. At all times herein mentioned, plaintiff Leticia Angelicia Herrera was the natural sister of decedent Oscar Herrera.

10. On or about October 31, 2014, plaintiffs presented to defendant County of Alameda claims for the injuries, disability, losses and damages suffered and incurred by plaintiffs by reason of the occurrence described herein, all in compliance with the requirements of §910 of the Government Code. These claims were rejected on or about December 17, 2014.

11. On or about October 30, 2014, plaintiffs presented to defendant City of Dublin claims for the injuries, disability, losses and damages suffered and incurred by plaintiffs by reason of the occurrence described herein, all in compliance with the requirements of §910 of the Government Code. The claim of Leticia Angelicia Herrera was rejected on or about November 18, 2014, the claim of Leticia Gonzales Herrera was rejected by operation of law on or about December 14, 2014.

12. At all times herein mentioned, Defendants County of Alameda, City of Dublin, Mitchell Mensinger, and Does 2 through 20 were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of their peace officer functions. The conduct

of Defendants Does 2 through 20, as set forth herein, did not comply with the standard of care to be exercised by reasonable peace officers nor did it comply with sheriff department, police department, or investigatory procedures, and proximately caused Plaintiffs to suffer damages as set forth in paragraphs 14 through 24, below.

13. All Defendants, including the County of Alameda, The City of Dublin, and Does 1 through 20, are liable for this negligence pursuant to California Government Code §§815.2(a) and 820(a.) §815.2(a) provides "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Here, the acts and omissions of Does 1 through 20 give rise to a cause of action for negligence against them. §820(a) provides: "Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."

14. As a proximate result the aforesaid, plaintiff Leticia Angelicia Herrera has been deprived and will continue to be deprived of the care, comfort, society, protection, support, and maintenance of her brother, Oscar Herrera; plaintiff has thereby sustained economic and non-economic damages.

15. As a proximate result the aforesaid, plaintiff Leticia Gonzales Herrera has been deprived and will continue to be deprived of the care, comfort, society, protection, support, and maintenance of her son, Oscar Herrera; plaintiff has thereby sustained economic and non-economic damages.

16. By reason thereof, plaintiffs have been deprived and will continue to be deprived of the economic support and other employment benefits contributed to their family by Oscar Herrera by virtue of his employment activities. Plaintiffs have thereby sustained economic damages.

17. By reason thereof, plaintiffs have been compelled to incur obligations for transportation,

funeral, and burial expenses in the interment of Oscar Herrera at a cost to be inserted herein when ascertained.

18. By reason thereof, plaintiffs have been compelled to incur medical, hospital, and related expenses on behalf of Oscar Herrera and on their own behalf at a cost to be inserted herein when ascertained.

19. By reason of the premises, Plaintiffs sustained severe personal injuries and pain and suffering of both mind and body.

20. By reason of the premises, Plaintiffs have been compelled to incur obligations as and for medical services, medicines, hospitalization, and other incidental expenses and will in the future be compelled to incur additional obligations therefor. Plaintiffs do not at this time know the reasonable value thereof, but pray that the same may be inserted herein when ascertained.

21. By reason of the premises, Plaintiffs have suffered loss of wages and will suffer loss of wages in the future and a loss of earning capacity. Plaintiffs do not at this time know the reasonable value thereof, but pray that the same may be inserted herein when ascertained.

22. By reason of the premises, Plaintiffs sustained damage to certain personal property on the day of this incident. Plaintiffs do not know the reasonable value thereof, but pray that the same may be inserted herein when ascertained.

23. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for redress for violation of their civil rights.

24. By reason of the premises, plaintiffs claim prejudgment interest. Plaintiffs do not know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

## SECOND CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

As and for a Second Cause of Action, plaintiffs allege against defendants County of

Alameda, City of Dublin, Mitchell Mensinger, and Does 2 through 20, inclusive:

25. Plaintiffs hereby incorporate paragraphs 1 through 24, inclusive, and make them a part of the Second Cause of Action as if fully set out herein.

26. Defendants' aforementioned negligent conduct was the cause of serious injury and death to plaintiffs' decedent, Oscar Herrera.

27. At all times mentioned herein, Plaintiff Leticia Gonzales Herrera was the mother of Oscar Herrera. At all times mentioned herein, Plaintiff Leticia Angelicia Herrera was the sister of Oscar Herrera.

28. Plaintiffs were present at the scene of the aforementioned shooting at the time it occurred and contemporaneously viewed the events surrounding this incident.

29. Plaintiffs saw and heard Oscar Herrera shot by Defendants Does 1 through 20 which shooting caused Oscar Herrera to sustain serious bodily injuries and death. At the time of the incident, Leticia Gonzales Herrera knew that it was her son who was in front of her being shot and was aware that her son was sustaining serious injuries and death. At the time of the incident, Leticia Angelicia Herrera knew that it was her brother who was in front of her being shot and was aware that her brother was sustaining serious injuries and death. As a result, plaintiffs Leticia Gonzales Herrera and Leticia Angelicia Herrera suffered serious emotional distress.

30. The wrongful conduct of Defendants proximately resulted in Plaintiffs suffering damages as set forth in paragraphs 14 through 24, above.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION
(42 U.S.C. §1983)

As and for a Third Cause of Action, plaintiffs allege against defendants County of Alameda, City of Dublin, Mitchell Mensinger, and Does 2 through 20, inclusive:

31. Plaintiffs hereby incorporate paragraphs 1 through 30, inclusive, and make them a part of

the Third Cause of Action as if fully set out herein.

32. In doing the acts complained of, Defendants acted under color of law to deprive the Plaintiffs of certain constitutionally-protected rights, including, but not limited to:

a. The right to be free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

f. The right of freedom of speech, as protected by the First Amendment to the United States Constitution.

33. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 14 through 24, above.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## FOURTH CAUSE OF ACTION
(42 U.S.C. §1983 Monell)

As and for a Fourth Cause of Action, plaintiffs allege against defendants County of Alameda, City of Dublin, and Mitchell Mensinger:

34. Plaintiffs hereby incorporate paragraphs 1 through 33, inclusive, and make them a part of the Fourth Cause of Action as if fully set out herein.

35. Defendants County of Alameda and City of Dublin, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant peace officers herein and other City and

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY NON-MOTOR VEHICLE)

County peace officers, constituting the use of unnecessary and excessive force against citizens and false arrests of citizens. Despite said notice, Defendants County of Alameda and City of Dublin have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by City and County peace officers. This lack of adequate supervisorial response by Defendants County of Alameda and City of Dublin demonstrates ratification of the Defendant Officers' unconstitutional acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by City and County peace officers.

36. The acts of Defendants Mitchell Mensinger and Does 2 through 20 alleged herein are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants County of Alameda and City of Dublin and their supervisory officials and employees to violations of the constitutional rights of citizens by Defendant peace officers herein, and other members of the County of Alameda's and City of Dublin's employ. The Plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of the County of Alameda and City of Dublin to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FIFTH CAUSE OF ACTION
### (42 U.S.C. §1981)

As and for a Fifth Cause of Action, plaintiffs allege against defendants Mitchell Mensinger and Does 2 through 20:

37. Plaintiffs hereby incorporate paragraphs 1 through 36, inclusive, and make them a part of the Fifth Cause of Action as if fully set out herein.

38. In committing the wrongful acts described herein above, Defendants Mitchell Mensinger and Does 2 through 20 engaged in the racially-motivated misuse of government power.

39. The above-described acts of Defendants Mitchell Mensinger and Does 2 through 20 further deprived plaintiffs of their rights protected by 42 U.S.C. §1981, to the full and equal benefit of all laws and proceedings for the security of persons and property that are enjoyed by citizens, and to

be subject to like punishment, pains, penalties, and exactions of every kind, and to no other.

40. The conduct of Defendants Mitchell Mensinger and Does 2 through 20 were committed with the intent to deprive plaintiffs of the above-described rights.

41. The wrongful conduct of Defendants Mitchell Mensinger and Does 2 through 20 proximately resulted in plaintiffs suffering injuries and damages as set forth in paragraphs 14 through 24, above.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

SIXTH CAUSE OF ACTION
(California Civil Code §51.7)

As and for a Sixth Cause of Action, plaintiffs allege against defendants Mitchell Mensinger and Does 2 through 20:

42. Plaintiffs hereby incorporate paragraphs 1 through 41, inclusive, and make them a part of the Sixth Cause of Action as if fully set out herein.

43. Plaintiffs are informed and believe and thereon allege that the instant conduct based upon a past pattern and practice of similar conduct of Mitchell Mensinger and Does 2 through 20, as described herein, was motivated by racial prejudice against the Plaintiffs. By engaging in such conduct, Defendants Mitchell Mensinger and Does 2 through 20 violated Plaintiffs' rights under California Civil Code §51.7 to be free from violence or intimidation by threat of violence committed against them because of their race, color or ancestry.

44. Under the provisions of California Civil Code §52(b), Defendants Mitchell Mensinger and Does 2 through 20 are liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand dollars ($25,000) in addition thereto, and for the payment of Plaintiffs' attorney's fees.

45. As a proximate result of Defendants Mithcell Mensinger and Does 2 through 20's wrongful conduct, Plaintiffs suffered damages as set forth in paragraphs 14 through 24, above.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

SEVENTH CAUSE OF ACTION
(Assault and Battery)

As and for a Seventh Cause of Action, plaintiffs allege against defendants Mitchell Mensinger and Does 2 through 20:

46. Plaintiffs hereby incorporate paragraphs 1 through 45, inclusive, and make them a part of the Seventh Cause of Action as if fully set out herein.

47. Defendants Mitchell Mensinger and Does 2 through 20 placed the Plaintiffs in immediate fear of severe bodily harm by physically seizing, shooting at, and striking them without any just provocation or cause.

48. Plaintiffs did not consent to this offensive contact. The conduct of Defendants Mithcell Mensinger and Does 2 through 20 was neither privileged nor justified under statute or common law.

49. The conduct of Defendants Mithcell Mensinger and Does 2 through 20 proximately resulted in Plaintiffs suffering damages as set forth in paragraphs 14 through 24, above.

WHEREFORE, plaintiffs pray for relief as set forth herein.

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

As and for an Eighth Cause of Action, plaintiffs allege against defendants Mitchell Mensinger and Does 2 through 20:

50. Plaintiffs hereby incorporate paragraphs 1 through 49, inclusive, and make them a part of the Eighth Cause of Action as if fully set out herein.

51. The conduct of Defendants Mitchell Mensinger and Does 2 through 20, as set forth herein, was willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon the Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## NINTH CAUSE OF ACTION
(California Civil Code §52.1)

As and for an Ninth Cause of Action, plaintiffs allege against Defendants County of Alameda, City of Dublin, Mitchell Mensinger, and Does 2 through 20:

52. Plaintiffs hereby incorporate paragraphs 1 through 51, inclusive, and make them a part of the Ninth Cause of Action as if fully set out herein.

53. The conduct of defendants Mitchell Mensinger and Does 2 through 20, as described herein, violated California Civil Code §52.1 in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through use of wrongful force.

54. As a direct and proximate result of defendants' violations of Civil Code §52.1, plaintiffs suffered a violation of their constitutional rights, and suffered damage as set forth above in Paragraphs 14 through 24, above.

55. Since the conduct of defendants Mitchell Mensinger and Does 2 through 20 occurred in the course and scope of their employment, Defendants County of Alameda and City of Dublin are therefore liable to plaintiffs pursuant to respondeat superior and California Government Code §§815.2(a) and 820(a).

56. Plaintiffs are entitled to injunctive relief and an award of reasonable attorneys' fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## JURY DEMAND

57. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. General damages according to proof at trial;

2. Special damages according to proof at trial;

3. Punitive damages against individually-named defendants Mitchell Mensinger and Does 2 through 20 according to proof at trial;

4. Exemplary damages and a civil penalty of $25,000 for each violation against Plaintiffs of Civil Code §52.1(b) and reasonable attorneys' fees, pursuant to Civil Code §52.1(h);

5. Reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

6. Costs of suit incurred herein;

7. Interest at the legal rate;

8. Such other and further relief as the Court may deem just and proper.

Dated: March 21, 2016

Law Offices of John Fitzpatrick Vannucci

/s/
_____
JOHN FITZPATRICK VANNUCCI
Attorney for Plaintiffs

# FEDERAL COURT PROOF OF SERVICE
Leticia Gonzalez Herrera, et al v. County of Alameda et al,
United States District Court – Northern District of California
Case: 4:15-cv-04794-DMR

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 1388 Sutter St, Ste 605 San Francisco, California 94109.

On March 21, 2016, I served the foregoing documents described as:

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND NEGLIGENCE

to the parties herein, by and through the following persons at the following Email addresses:

Dolores Marie Donohoe Esq.
Timothy P. Murphy Esq.
Edrington Schirmer & Murphy LLP
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, CA 94523

Email : LDonohoe@esmlawfirm.com; TMurphy@esmlawfirm.com; Margaret@esmlawfirm.com; Cherie@esmlawfirm.com;

**XX** **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State California that the above is true and correct.

Executed on March 21, 2016, at San Francisco, California

/s/
---------------------------------
Rex Hammers Karu